UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PASCASIE HAVUGIMANA LAMBO,  )
                             )
        Plaintiff            )
                             )
v.                           )    No. 2:16-cv-00397-JDL
                             )
STATE OF MAINE, et al.,      )
                             )
        Defendants           )


**RECOMMENDED DECISION ON MOTIONS TO DISMISS**

The defendants named in the *pro se* plaintiff's complaint move to dismiss the claims asserted against them for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction. Defendants Martin's Point Health Care and Matthew Belcher, M.D.'s Motion to Dismiss ("Private Party Motion") (ECF No. 13); Motion to Dismiss of Defendants State of Maine and Office of the Governor of the State of Maine ("State Motion") (ECF No. 18). The motions are based on subsections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 12. I recommend that the court grant both motions.

### I. Applicable Legal Standards

#### A. Rule 12(b)(1)

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extra-pleading material. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at

1

159–60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

### B. Rule 12(b)(6)

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard[,]" *Young v. Wells Fargo Bank, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran,* 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## II. Factual Background

The complaint sets forth the following relevant factual allegations.[1] The plaintiff asserts that the basis of this court's jurisdiction is a question of federal law, specifically that "case was dismissed by Maine Supreme Judicial Court." Complaint for a Civil Case ("Complaint") (ECF No. 1) at [3]. The complaint states that the "case involved Maine state officials and a medical malpractice that was dismissed by Maine Supreme Judicial Court." *Id.* at [4]. Under the heading "Statement of Claim," the complaint makes allegations only against unnamed "Maine State Officials." *Id.* at [6].

The dismissed case that is the apparent gravamen of the plaintiff's complaint apparently presented a medical negligence claim against Martin's Point Health Care and Matthew Belcher, the moving defendants in this action. Memorandum of Decision, *Patrick S. Lambo et al. v. Martin's Point Health Care et al.*, Maine Supreme Judicial Court Decision No. Mem 16-58 (copy attached to Private Party Motion) (ECF No. 13-1).

---

[1] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id*. "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id*. (citation and internal quotation marks omitted).

### III. Discussion

### A. Private Party Motion

### 1. Failure to State a Claim (Rule 12(b)(6))

As the private party defendants point out, Private Party Motion at 3, the complaint does not mention either of them beyond listing them as defendants in the caption, and thus by definition fails to state a claim upon which relief may be granted against either of them. Dismissal is warranted for this reason alone. *See, e.g., Quiñones-Ruiz v. Pereira-Castillo*, 607 F.Supp.2d 296, 298 (D.P.R. 2009); *Mooney v. Clerk of Courts, District of New Hampshire*, 831 F.Supp. 7, 10 (D.N.H. 1993) ("Even a *pro se* plaintiff is required to plead specific facts backing up his claim." (citation and internal quotation marks omitted)).

The plaintiff's opposition to the private part motion recites facts that are consonant with a medical malpractice claim. Plaintiff['s] Response to Defendant[s'] Motion to Dismiss ("Private Party Opposition") (ECF No. 17) at 1-2. Presenting such facts in this manner cannot save the complaint, but, even if these allegations had been properly included in the complaint, the motion to dismiss would still be granted. A federal court may not revisit a final adjudication by a state court. *Roy v. Turcotte*, No. 1:15-cv-031-NT, 2015 WL 470600, at *2 (D. Me. Feb. 4, 2015). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (citation and internal quotation marks omitted).

If the plaintiff does not mean to ask this court to review the decision of the Maine Supreme Judicial Court, but rather to allow her to try her medical malpractice claim anew in this court, the result is the same. The doctrine of *res judicata* bars a subsequent action whenever three criteria are met: "(1) there is a final judgment on the merits in an earlier action; (2) sufficient identity exists

between the parties in the earlier and later suits, and (3) sufficient identity exists between the cause of action in the two suits." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) (citation and internal quotation marks omitted).

Under Maine law,

> [c]laim preclusion bars the relitigation of a claim if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. To determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, we examine whether the same cause of action was before the court in the prior case. . . . A prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

*Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 6, 704 A.2d 866, 868 (citations and internal punctuation omitted). Thus, if the plaintiff seeks to present her malpractice claim again in this court, even assuming that this court would have jurisdiction over such a state-law claim, her effort must fail for this reason as well.

### 2. Subject-Matter Jurisdiction (Rule 12(b)(1))

The private party defendants also seek dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Private Party Motion at 2. Federal courts are courts of limited jurisdiction. Subject-matter jurisdiction must be shown on the face of the complaint. *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007).

The complaint alleges federal question jurisdiction, but no federal claim is asserted against the moving defendants, however indulgently the complaint may be read. Any claims against the moving defendants should be dismissed for this reason as well.

5

## B. State Defendants' Motion

The state defendants contend that they are not "persons" within the meaning of 42 U.S.C. § 1983, to the extent that that statute is the only possible legal basis for the plaintiff's claims; that they are immune from suit; and that the complaint fails to state a plausible claim for relief. State Motion at 1.

With respect to the State of Maine and the Governor's Office, the analysis of the plaintiff's attempts to obtain review of the decision of the Maine Supreme Judicial Court sitting as the Law Court, Complaint at [3], is the same as previously discussed for the private party defendants. This court cannot review the decisions of any of the courts of the State of Maine, for the reasons already stated.

The complaint alleges that the state defendants have intentionally inflicted emotion distress upon her and have acted "with intent for malicious prosecution," and invaded her privacy.[2] These tort claims arise under state law. To the extent that they could be considered to be federal claims rather than state-law claims, they may only be brought before this court under 42 U.S.C. § 1983, which provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]"

A state is not a "person" within the meaning of this statute and is not subject to liability for claims raised under it. *Warren v. Maine State Prison*, 490 F.Supp.2d 9, 11 (D. Me. 2007). The

---

[2] The complaint appears to allege that the state defendants have invaded the privacy of the plaintiff's family, and seeks damages for "each and all individuals in my family," Complaint at [6] & [7], but, from all that appears, the plaintiff is not a lawyer, and she is not admitted to practice in this court. As a result, she may not represent any individuals other than herself in this court. *See Penkul v. Colvin*, No. 2:14-cv-156-GZS, 2015 WL 3370156, at *1 (D. Me. May 22, 2015).

same is true of a suit against a state governor or any member of his staff acting in his or her official capacity. *Id.*; *see also Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002). The complaint cannot reasonably be read to allege claims against any person acting in his or her individual capacity, because no individual state defendant is named. These facts make it unnecessary to consider the state defendants' claims of immunity from suit and insufficiency of the allegations in the complaint.

## IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the defendants' motions to dismiss.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

7